# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| JASON STIER | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:15-CV-519 |
| | § | Judge Mazzant |
| GREAT PLAINS NATIONAL BANK | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Conditional Class Certification (Dkt. #19). After reviewing the motion and the relevant pleadings, the Court finds that the motion is granted.

## BACKGROUND

Plaintiff filed a complaint against Defendant on July 30, 2015, asserting violations of the Fair Labor Standards Act, 29 U.S.C. § 201 as a collective action pursuant to 29 U.S.C. § 216(b) (Dkt. #1). On September 21, 2015, Plaintiff filed the present Motion for Conditional Class Certification (Dkt. #19). On October 8, 2015, Defendant filed its response in opposition (Dkt. #22). On October 19, 2015, Plaintiff filed a reply (Dkt. #24).

## LEGAL STANDARD

The FLSA gives employees the right to bring an action on behalf of themselves, as well as "other employees similarly situated." 29 U.S.C. § 216(b). "Under § 216(b), district courts have the discretionary power to conditionally certify collective actions and authorize notice to potential class members." *Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990, 994 (E.D. Tex. 2011). While the Fifth Circuit has not specifically addressed the meaning of 'similarly situated' in this context, "[t]wo approaches are used by courts to determine whether collective treatment under §216(b) is appropriate: (1) the two-stage class certification set forth in

1

*Lusardi v. Xerox, Corp.*, 118 F.R.D. 351 (D. N.J. 1987); and (2) the "Spurious Class Action" method outlined in *Shushan v. Univ. of Colorado*, 132 F.R.D. 263 (D. Colo. 1990)." *Cripe v. Denison Glass Mirror, Inc.*, No. 4:11-CV-224, 2012 WL 947455, at *3 (E.D. Tex. Jan 27, 2012) *report and recommendation adopted*, 2012 WL 947362 (E.D. Tex. Mar. 20, 2012); *Villatoro v. Kim Son Rest, L.P.*, 286 F. Supp. 2d 807, 809 (S.D. Tex. 2003). "The *Lusardi* two-stage approach is the prevailing standard among federal courts and is the standard most frequently used by this court." *Tice*, 826 F. Supp. 2d at 994 (citations omitted). As such, the Court will apply the *Lusardi* approach in this case.

Under *Lusardi*, "certification for a collective action under § 216(b) is divided into two stages: (1) the notice stage; and (2) the merits stage." *Id.* "At the notice stage, the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members." *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). Because the Court has minimal evidence before it at this stage, "the determination is made using a fairly lenient standard requiring noting more than substantial allegations that the putative class members were victims of a single decision, policy or plan." *Tice*, 826 F. Supp. 2d at 995. "Notice is appropriate if the court concludes that there is 'some factual nexus which binds the named plaintiffs and potential class members together as victims of a particular alleged [policy or practice].'" *Allen v. McWane, Inc.*, No. 2:06-CV-158 (TJW), 2006 WL 3246531, at *2 (E.D. Tex. Nov. 7, 2006). "If the first step [of the *Lusardi* approach] is satisfied, the court conditionally certifies a class; and the action proceeds as a collective action during discovery." *Sedtal v. Genuine Parts Co.*, No. 1:08-CV-413-TH, 2009 WL 2216593, at *3 (E.D. Tex. July 23, 2009).

## ANALYSIS

This case is in the first stage under *Lusardi*. At this stage, "Plaintiff bears the burden of presenting preliminary facts to show that there is a similarly situated group of potential plaintiffs." *Cripe*, 2012 WL 947455, at *2. This does not mean that their positions must be identical, as "the court need not find uniformity in each and every aspect of employment to determine a class of employees are similarly situated [under § 216(b)]." *Tice*, 826 F. Supp. 2d at 995-96. Rather, "the relevant inquiry is whether the potential class members performed the same basic tasks and were subject to the same pay practices." *Id.* at 996. "[Plaintiffs] need only show that their positions are similar to the potential plaintiffs[.]" *Id.* at 995.

Defendant argues that there is no common illegal policy. Defendant notes that Plaintiff alleges he was treated as an exempt employee, but does not allege that all the putative class members have the same job duties or were similarly treated as exempt or that all mortgage loan officers were subjected to the same practice (Dkt. #22 at pp. 10-11). Defendant further argues that Plaintiff has failed to offer more than conclusory allegations and has not shown a factual nexus that binds the claims under a single policy (Dkt. #22 at p. 11).

Plaintiff's allegations state that those "similarly situated" are "individuals who were, or are, employed by Defendant as [Mortgage] Loan Officers, or as employees with similar job duties throughout the country during the applicable statutory periods." (Dkt. #1 at p. 3). Plaintiff offers testimony that he performed the duties of a mortgage loan officer working for Defendant with the primary job duty of "selling financial products in the form of mortgage products to customers." (Dkt. #19, Exhibit E at p. 1). Plaintiff provides declarations of other individuals who claim the same primary job duty (Dkt. #19, Exhibits A-G). Further, Plaintiff asserts that the "same pay practice" is Defendant failing to pay loan officers compensation tied to actual hours

worked, denying them overtime pay required under the FLSA (Dkt. #1 at p. 4). Plaintiff submits declarations identifying this "same pay practice" (Dkt. #19, Exhibits A-G). The Court finds that Plaintiff has shown a sufficient factual nexus which binds the proposed class to a particular policy or practice. Plaintiff has submitted declarations of individuals similarly situated as well as evidence of additional potential class members who are similarly situated.

Defendant contends that even if there was a common illegal policy, the suit cannot proceed as a collective action because Defendant will assert defenses that require individualized analysis for each putative class member (Dkt. #22 at p. 12). Challenges in litigating the suit or a particular need to address each perspective member of the collective action as an individual will be addressed in the second stage. Plaintiff has met the lenient burden imposed under the first stage for conditional certification. Because Defendant will have the opportunity under stage two of *Lusardi* to make a motion to 'decertify' the collective action if, after discovery, they can show that the class members are not similarly situated, the Court sees no reason to deny Plaintiff's motion. *Tice*, 826 F. Supp. 2d at 996-97.

## CONCLUSION

The Court, therefore, finds that Plaintiff has come forward with sufficient evidence to warrant conditional certification of a collective action and notice to potential class members. IT IS THEREFORE:

ORDERED, ADJUDGED AND DECREED that the Court conditionally certifies a class of Defendant's current and former employees that is described as follows and referred to herein as the "MLOs":

> All current and former mortgage loan officers employed by Great Plains from July 30, 2012 to the present who worked more than forty hours in any workweek and did not receive overtime and/or were not paid minimum wage for all hours worked in any given workweek.

It is further ORDERED, ADJUDGED AND DECREED that Defendant shall produce within seven (7) days of the date of this order the full name, last known address and telephone number, and dates of employment for all MLOs in electronic format.

It is further ORDERED, ADJUDGED AND DECREED that the Notice proposed as Exhibit I to Dkt. #19 and Notice of Consent proposed as Exhibit J to Dkt. #19 are conditionally approved subject to Plaintiff's completion of dates left blank. Notice shall be issued by Plaintiff's counsel within fifteen (15) days of the date that Plaintiff's counsel receives the full list of MLOs from Defendant. Such Notice shall be mailed by first-class mail. The mailing shall include the Notice of Consent and a return-addressed stamped envelope. Any Notice of Consents returned to Plaintiff's counsel by the MLOs shall be filed within forty-five (45) days of the date that Plaintiff's counsel receives the full list of MLOs from Defendants. If such list is sent piecemeal, the forty-five (45) days shall begin to run on the date that the last address or other identifying information is sent by Defendant to Plaintiff's counsel.

**SIGNED this 19th day of April, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE